IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL STORM,

  Plaintiff,

                Case No. 14-cv-1380-pp

v.

PATRICIA SAVASTA,
UNITED STATES OF AMERICA,
UNITED STATES PAROLE COMMISSION,
and JOHN DOE,

  Defendants.

**DECISION AND ORDER GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS (DKT. NO. 17), AND GRANTING DEFENDANTS' MOTION TO CLOSE OUT BRIEFING (DKT. NO. 24)**

  Plaintiff Daniel Storm, representing himself, filed a complaint under 28 U.S.C. §1983, alleging that the defendants violated his civil rights in connection with their efforts to enforce the term of lifetime special parole imposed on Storm pursuant to his 1986 conviction for drug trafficking. Dkt. No. 1. The defendants moved to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), arguing (1) that a petition for a writ of habeas corpus is the plaintiff's exclusive remedy for the violations alleged, (2) the plaintiff failed to state a claim under §1983 because each of the defendants is a federal agency or official, and all of the challenged actions were taken under color of federal law, (3) sovereign immunity bars the plaintiff's claims, and (4) Officer Savasta

1

is entitled to absolute and qualified immunity. Dkt. No. 11 (original motion); Dkt. No. 17 (amended motion).

The plaintiff did not respond to the substantive allegations in the amended motion to dismiss. Rather, he asked the court to hold the case in abeyance until it could issue decisions in the *habeas* cases. Dkt. No. 21 at 2. By the time the court ruled on that motion, it had issued decisions in the *habeas* proceedings, and so it set a deadline for the plaintiff to file a substantive response to the amended motion to dismiss. Dkt. No. 23. That deadline came and went, and the plaintiff did not file a response. Accordingly, the defendants filed a motion to close the briefing, and asked the court to decide the case without a substantive response from the plaintiff. Dkt. No. 24. For the reasons explained below, the court will grant the defendants' motion to dismiss, and also grants their motion to decide the case on the briefings submitted to date.

## I. BACKGROUND

This case is another of the plaintiff's several challenges to the life term of special parole he is serving as a result of a 1986 conviction for drug trafficking in the Northern District of Illinois. After he was convicted and sentenced, the plaintiff challenged both his conviction and sentence on appeal.[1] United States

---

[1] In all, the plaintiff was sentenced to separate but concurrent terms of incarceration, the longest of which was 10 years; a five year term of probation; a $125,000 fine; and a life special parole term. Rollins, 862 F.2d at 1286. The plaintiff's appeal involved both his term of probation and his life special parole term, but the court addresses only his argument that the life special parole term was invalid, because his complaint in this case relates only to that part of his sentence.

v. Rollins, 862 F.2d 1282 (7th Cir. 1989). In that appeal, the plaintiff argued that a specific condition of his special parole term—that he not associate with any person known to be a felon—was unconstitutional because it barred him from marrying his co-defendant and then-fiancée, Kelly Rollins. Id. at 1299. The Seventh Circuit pointed out that Rollins' conditions of special parole made an exception for the plaintiff, but the plaintiff's special parole conditions did not contain a reciprocal exception for Rollins. Id. The Seventh Circuit remanded the plaintiff's case to the district court so the district court could reconsider the plaintiff's sentence. Id. The Seventh Circuit did not conclude, however, that there were any other infirmities with the plaintiff's special parole term. On remand, the district court modified the plaintiff's conditions of special parole, to indicate that he "was barred from contact with any convicted felon *except*" Rollins. United States v. Storm, No. 12-C-1744, 2012 WL 5996223, at *1 (N.D. Ill. Nov. 30, 2012).

Some twenty years later, the plaintiff filed a motion in the Northern District of Illinois under Rule 35(a) of the Federal Rules of Criminal Procedure, seeking to have his special parole term set aside. Id. (That court explained that that "although 28 U.S.C. §2255 and Rule 35(a) overlap, a petitioner is entitled to have his or her motion treated as one under Rule 35(a) if it falls within the scope of the rule.") In that motion, the petitioner argued that 21 U.S.C. §841(a)(1)(a) did not authorize the imposition of a special parole term in his case, because he was convicted of possessing and distributing a large amount of cocaine. Id. at *3. This argument was based on a "peculiar situation" that

3

existed in the federal drug penalty scheme at the time the petitioner was convicted, which provided for the imposition of special parole for "drug crimes involving less than one kilogram of cocaine," but not for crimes involving "one kilogram or more of cocaine." Id. (citing Gozlon-Peretz v. United States, 498 U.S. 395, 400 (1991). The government responded, and the court agreed, that Storm actually was "sentenced under 21 U.S.C. § 841(b) (1)(13), and his special parole term was therefore lawfully imposed," because "[t]he charges in the indictment . . . suggest that Storm was convicted of drug activity involving *less than* one kilogram of cocaine . . . ." Id. at *3 (emphasis added). The court concluded "that Storm has failed to identify any illegality in his sentence of special parole on Count Two requiring correction by this court under Rule 35(a)." Id. at *4.

In 2014, in the Eastern District of Wisconsin, the plaintiff filed two petitions for writs of *habeas corpus* pursuant to 28 U.S.C. §2241. Storm v. United States Parole Comm'n, Nos. 14-CV-405 and 14-CV-1037 (E.D. Wis.). When case no. 14-CV-405 was pending in Judge Adelman's court (before it was transferred to this court), Judge Adelman dismissed three of the plaintiff's *habeas* claims because they attacked the validity of his sentence, rather than its execution, and therefore were not properly set forth in a *habeas* petition. No. 14-CV-405 (E.D. Wis.), Dkt. No. 9 at 3. Judge Adelman found that the remaining three claims challenged the manner in which the plaintiff's sentence was being carried out, and he allowed those claims to proceed. Id. In those three claims, the plaintiff (1) challenged the Parole Commission's alleged

4

"failure" to set his final parole release date, (2) challenged the Parole Commission's decision to modify his special parole terms to include a financial monitoring condition, and (3) argued that his four-year term of probation, imposed consecutive to his term of incarceration, expired and cannot be enforced. This court denied that petition in an order dated June 26, 2015, because the court concluded that the Parole Commission is not required to set a parole release date for the plaintiff, the Parole Commission did not violate the plaintiff's procedural or substantive due process rights by modifying the conditions of his special parole to include the financial monitoring condition, and the plaintiff's challenge to his four-year term of probation was not yet ripe. Dkt. No. 24.

In Case No. 14-CV-1037, the plaintiff attacked both the substantive validity of the lifetime special parole term and the procedural manner in which the Parole Commission and Officer Savasta attempted to carry out that sentence (by modifying it to include home confinement with location monitoring). This court denied that petition in an order dated May 18, 2015, because the court concluded that the Parole Commission did not violate the plaintiff's procedural or substantive due process rights by modifying the conditions of his special parole to include a sixty-day period of home confinement with location monitoring, and denied the plaintiff *habeas* relief. Dkt. No. 30.

While the plaintiff's *habeas* cases were pending, he filed the complaint in this civil action under §1983. On May 8, 2015, the defendants moved to

5

dismiss the complaint, and the plaintiff, rather than filing a substantive response, asked the court to hold that motion in abeyance until the court had issued a decision on the plaintiff's already-pending *habeas* petitions. Dkt. No. 21. The court dismissed the plaintiff's *habeas* petition on May 18, 2015 and, in an order dated July 9, 2015, the court granted the plaintiff's motion to stay *nunc pro tunc* as of May 18, 2015. Dkt. No. 23. The court ordered the plaintiff to respond to the government's motion to dismiss on or before August 14, 2015. Id. The plaintiff did not file a response by the deadline, and so the government filed a motion asking the court to decide the case on the briefs already submitted. Dkt. No. 24.

## II. DISCUSSION

A court deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in his favor. Fortres Grand Corp. v. Warner Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir. 2014) (citation omitted). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97 (1976)). Nevertheless, to survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

6

Case 2:14-cv-01380-PP   Filed 11/24/15   Page 6 of 14   Document 26

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). While the court must draw all reasonable inferences and facts in favor of the nonmovant, it "need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir.2013) (quotation and citation omitted).

> A. *The Court Must Dismiss the Plaintiff's First Cause of Action Against the United States Parole Commission, and His Third Cause of Action Against the United States of America, Because Neither the United States Parole Commission Nor the United States Are Individuals Subject to Liability Under* Bivens.

Section 1983 provides a cause of action only against *state* actors in their individual capacities, acting under color of *state* law. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-67 (1989). The plaintiff brought this action against the United States Parole Commission (a federal agency), the United States itself, and federal officials who were acting under color of federal law. None of the defendants is a *state* actor, so the plaintiff cannot sue any of them under §1983. But, because the plaintiff is representing himself, the court will construe the plaintiff's complaint as though he had sued the federal defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorizes civil rights actions against federal officers acting under color of federal law. (The court notes that the plaintiff

7

might have been aware that his case would be treated as having been filed under Bivens.) See Dkt. No. 1, at 1 n.1 (citing Bivens).

Bivens provides a cause of action only against individuals—persons—not entities or agencies. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001) (Bivens "is concerned solely with deterring the unconstitutional acts of individual officers"). For that reason, the plaintiff cannot proceed on his Bivens claims against the United States Parole Commission (his first cause of action) or the United States (his third cause of action). Neither the Parole Commission nor the United States is an individual officer that can be sued under Bivens. Id. at 72. Consequently, the court will dismiss the plaintiff's first cause of action (to the extent that it makes allegations against the Parole Commission) and his third cause of action.

> B. *The Court Must Dismiss the Plaintiff's Bivens Claims Against Officer Savasta, Because They Challenge the Execution of His Sentence and Because Officer Savasta is Entitled to Qualified Immunity.*

The court now considers the claims that the plaintiff pleaded against Officer Savasta. While the plaintiff styles his first cause of action as "USPC Violations," the second paragraph of that cause of action mentions both the Parole Commission and Officer Savasta. Dkt. No. 1 at ¶36. His second cause of action makes claims against Officer Savasta only.

In his first cause of action, sub-captioned "USPC Violations," the plaintiff alleges that Officer Savasta imposed "the [special parole term] in an unlawful manner." Id. According to the plaintiff, Officer Savasta did not afford him due process before recommending that the Parole Commission modify his special

8

parole to include a period of home confinement and location monitoring restrictions in response to the plaintiff's parole violations. Id. at ¶¶11-28, 36. He claims that, during the supervisory proceedings, he was not given "oral or written notice of the charges, the right to counsel, the right to require or subpoena witnesses on his behalf, the right to a hearing, the right to testify on his behalf, and a fair decision based upon the evidence and the regulations." Id. at ¶28. The plaintiff claims that Officer Savasta's actions in modifying his special parole terms to include a period of home confinement and location monitoring denied him due process, id. at ¶36(b); that those additional "sanctions [constituted] cruel and unusual punishment under the Eighth Amendment," id. at ¶36(c); that the Parole Commission made his special parole term consecutive to any and all sentences, without any statutory authority," id. at ¶38; and that the Parole Commission lacked "any statutory authority to supervise" him and "was required to discharge him from the sentence imposed in the Chicago matter," id. at ¶¶38-39.

In his second cause of action, sub-captioned "Patricia Savasta," the plaintiff claims that his special parole term is unlawful and that Officer Savasta violated the plaintiff's due process and Eighth Amendment rights by forcing him to submit to home confinement and location monitoring. Id. at ¶¶41-47.

    1. <u>The Plaintiff Cannot Challenge The Execution of His Special Parole Term in a Bivens Action Against Officer Savasta.</u>

The plaintiff's allegations show that, in large part, he is challenging the execution of his life special parole term. Most of the plaintiff's allegations challenge the process by which the Parole Commission decided to impose a

9

period of home confinement with location monitoring. As the government argues, the appropriate vehicle for bringing a challenge to the execution of a sentence, such as the plaintiff's special parole term, is a petition for a writ of *habeas corpus*. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (Section 2241 is "usually reserved for attacking the execution, not [the] imposition, of a sentence"). In his §2241 petition in case no. 14-CV-1037, the plaintiff challenged the modification of his special parole term to add a home confinement condition. In issuing its ruling denying that petition, the court considered the plaintiff's due process and statutory challenges to the execution of his special parole term. The court has decided the plaintiff's claims on their merits and has dismissed them; he cannot revive them in a Bivens action against Officer Savasta. Id.; see also Cade v. Scibana, No. 04-C-360, 2004 WL 1563279, at *1 (W.D. Wis. July 9, 2004) ("because petitioner is challenging the execution of his sentence, it is § 2241 and not Bivens that petitioner should be proceeding under.") (citing Kramer, 347 F.3d at 217).

2. Officer Savasta is Entitled to Qualified Immunity.

The remainder of the plaintiff's claims against Officer Savasta relate to her investigation into the plaintiff's parole violations and her recommendation that he be placed on home confinement with location monitoring. The court must dismiss those claims because Officer Savasta is entitled to qualified immunity from suit based on her investigation and enforcement recommendation.

Federal probation officers are entitled to qualified immunity from suit based on their conduct in investigating parole violations and recommending sanctions. In Wilson v. Kelkhoff, 86 F.3d 1438 (7th Cir. 1996), the Seventh Circuit held that three prison review board members and a department of corrections employee were entitled to qualified immunity from suit based on conduct they undertook in connection with state mandatory supervised release revocation proceedings. The court explained that the officers' actions were identical to a "parole officer seeking to revoke a parolee's parole," and agreed with the conclusion reached by other federal circuit courts that "qualified immunity is available for that conduct." Id. at 1446. Referencing the decisions of other circuit courts, the Seventh Circuit explained that qualified immunity, as opposed to absolute immunity, is appropriate because "a parole officer's decision to file a notice of charges (and thereby initiate a revocation proceeding)" is analogous "to a police officer filing an affidavit seeking an arrest warrant, rather than to a prosecutor initiating criminal charges." Id. That court concluded that qualified immunity applies to a parole officer's decision to initiate revocation proceedings because, "by investigating the charge and then filing the notice of charges and violation report, [the officer] performed a function analogous to an employee who seeks an arrest warrant." Id.

Officer Savasta is entitled to qualified immunity as long as her conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether Officer Savasta is entitled to qualified immunity

11

at the motion to dismiss stage, the court must consider: (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009).

In this case, the plaintiff alleges that Officer Savasta sought a warrant for his arrest based on statements made to her by a third party. Dkt. No. 1 at ¶¶11-12. The plaintiff further alleges that Officer Savasta informed him that he was under parole supervision related to his 1986 conviction, directed him to report to her office on a monthly basis, informed him that he was being placed on home confinement with location monitoring, and summoned him to her office so that he could be fitted with a monitoring device. Id. at ¶¶17-18, 20-22, 32-34. According to the plaintiff, Officer Savasta acted "without jurisdiction," and he claims that her actions violated his due process and equal protection rights and his rights "to be free of supervision" and "not to be harassed by people while acting under color of law or right;" constituted "cruel and unusual punishment;" and forced him "to submit to unlawful supervision." Id. at ¶¶36, 44-47.

The plaintiff's allegations do not state a claim that Officer Savasta violated any of the plaintiff's clearly established constitutional or statutory rights. To date, no court has called into question the validity of the plaintiff's special parole term or the recent modifications of his parole conditions under which the plaintiff is subject to a period of home confinement with location

monitoring. The rest of the plaintiff's allegations contain insufficient facts to establish that Officer Savasta violated any of his constitutional or statutory rights based on her supervision and investigation of him as his parole officer and her recommendation that he be placed on home confinement with location monitoring.[2] The complaint suggests that the plaintiff has become frustrated with his parole restrictions, but "parole is a form of custody," and "it imposes significant restrictions on the supervisee." United States v. Presley, 790 F.3d 699, 701 (7th Cir. 2015).

The court determines that Officer Savasta's actions are akin to a parole officer's decision to initiate revocation proceedings, and thus that she is entitled to qualified immunity from suit.

---

[2] For the same reason, the court dismisses the plaintiff's claims against "John Doe." John Doe is named in the caption, and is alleged to be an employee of the Parole Commission who "summarily denied" the "comment" that the plaintiff filed with the Parole Commission in opposition to the proposed parole modification. Dkt. No. 1 at 25. However, the complaint does not contain sufficient factual allegations to explain how John Doe violated the plaintiff's constitutional or statutory rights, and the plaintiff did not plead any of the causes of action against "John Doe." Over one year has passed since the plaintiff filed his complaint, and he never has identified John Doe. The court concludes that the complaint fails to state a cause of action against John Doe.

13

## III. CONCLUSION

For the reasons explained in this order, the court **GRANTS** the defendants' Amended Motion to Dismiss (Dkt. No. 17), **GRANTS** the defendants' Motion to Close Out Briefing and Decide the Merits on the Submitted Filings (Dkt. No. 24), and **DISMISSES** the plaintiff's claims.

Dated in Milwaukee, Wisconsin this 24th day of November, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**